# EXHIBIT A

# REGISTER OF ACTIONS
## CASE NO. D-1329-CV-2020-00044

| | | |
|---|---|---|
| **Michael Lucero v. Tyson Foods, Inc, et. al.** | § <br> § <br> § <br> § <br> § <br> § | Case Type: **Miscellaneous Civil** <br> Date Filed: **01/07/2020** <br> Location: <br> Judicial Officer: **Eichwald, George P.** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Cargill Meat Solutions, Corp** <br> 1108 E South Union Ave <br> Midvale, UT 84047 | |
| **Defendant** | **JBS USA Food Company** <br> 1900 W Litlleton Blvd <br> Littleton, CO 82012 | |
| **Defendant** | **National Beef Packing Company, LLC** <br> 120 South Central Ave <br> Clayton, MO 63015 | |
| **Defendant** | **Tyson Foods, Inc** <br> 206 S Coronado Ave <br> Espanola, NM 87532 | |
| **Plaintiff** | **Lucero, Michael** | A. Blair Dunn <br> *Retained* <br> 505-750-3060(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 01/07/2020 | **Cause Of Actions** <br> Action Type | Miscellaneous (Class Action Complation) <br> Action |
| 01/07/2020 | **OPN: COMPLAINT** <br> *Class Action Complaint* | |
| 01/08/2020 | **SUMMONS ISSUED** <br> *Summons Issued (no image attached)* | |
| 01/08/2020 | **Summons** | |

| | | | |
|---|---|---|---|
| | Tyson Foods, Inc | Served <br> Response Due <br> Returned | 01/10/2020 <br> 02/10/2020 <br> 01/17/2020 |
| | Cargill Meat Solutions, Corp | Served <br> Response Due <br> Returned | 01/10/2020 <br> 02/10/2020 <br> 01/17/2020 |
| | JBS USA Food Company | Served <br> Response Due <br> Returned | 01/10/2020 <br> 02/10/2020 <br> 01/17/2020 |
| | National Beef Packing Company, LLC | Served <br> Response Due <br> Returned | 01/13/2020 <br> 02/12/2020 <br> 01/17/2020 |

| | |
|---|---|
| 01/17/2020 | **SUMMONS RETURN** <br> *Summons Return-- National Beef Packaging Served on 1/13/2020 via Authorized Agent* |
| 01/17/2020 | **SUMMONS RETURN** <br> *Summons Return-- JBS USA Food Company Served on 1/10/2020 via Authorized Agent* |
| 01/17/2020 | **SUMMONS RETURN** <br> *Summons Return-- Cargil Meat Solutinos served on 1/10/2020 via Authorized Agent* |
| 01/17/2020 | **SUMMONS RETURN** <br> *Summons Return-- Tyson Foods served on 1/10/2020 via Authorized Agent* |
| 01/17/2020 | **AMENDED COMPLAINT** <br> *Amended Class Action Complaint* |
| 01/17/2020 | **JURY DEMAND 6 PERSON** <br> *Jury Demand - 6 Person* |

---

### FINANCIAL INFORMATION

**Plaintiff** Lucero, Michael
Total Financial Assessment                                                              282.00
Total Payments and Credits                                                              282.00
**Balance Due as of 02/04/2020**                                                          **0.00**

| 01/07/2020 | Transaction Assessment | | | 132.00 |
| 01/07/2020 | File & Serve Payment | Receipt # BERD-2020-85 | Lucero, Michael | (132.00) |
| 01/17/2020 | Transaction Assessment | | | 150.00 |
| 01/17/2020 | File & Serve Payment | Receipt # BERD-2020-320 | Lucero, Michael | (150.00) |

2/4/2020

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
1/7/2020 4:11 PM
AUDREY GARCIA
CLERK OF THE COURT
KB

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT COURT**

**MICHAEL LUCERO,**
**on behalf of himself and others**
**similarly situated,**

      **Plaintiff,**

**v.**                                   **Case No.** D-1329-CV-2020-00044


**TYSON FOODS, INC,**
**CARGILL MEAT SOLUTIONS, CORP.,**
**JBS USA FOOD COMPANY,**
**NATIONAL BEEF PACKING COMPANY, LLC**


      **Defendants.**

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Michael Lucero, by and through undersigned counsel of record Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq.) on behalf of himself and all others similarly situated, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, the following against Defendants (collectively, "Packers" or "Defendants"):

## NATURE OF THE ACTION

1.      This is a proposed class-action complaint brought on behalf of one class and one subclass (further defined *infra),* comprising ranchers and farmers who domestically sell cattle for beef that is born, raised, and slaughtered in the United States that are placed in unfair competition with the

1

muscles cuts of beef from imported lived cattle and beef sold by Defendants (the "Products," as further defined below) that are deceptively labeled and marketed.

2.        Country of Origin Labeling (Cool) is a mandatory U.S. labeling law enforced by the U.S. Department of Agriculture (USDA) that requires retailers notify their customers with information regarding the source of certain foods, also referred to as covered commodities. The Farm Security and Rural Investment Act of 2002 (2002 Farm Bill), the 2002 Supplemental Appropriations Act (2002 Appropriations), and the Food, Conservation and Energy Act of 2008 (2008 Farm Bill) amended the Agricultural Marketing Act of 1946 (Act) to require retailers to notify their customers of the country of origin of covered commodities. Covered commodities include muscle cuts of beef (including veal), lamb, chicken, goat, and pork; ground beef, ground lamb, ground chicken, ground goat, and ground pork; wild and farm-raised fish and shellfish; perishable agricultural commodities; macadamia nuts; pecans; ginseng; and peanuts. Specifically, this applied to regulations promulgated by USDA that prohibited beef imported post-slaughter or products derived from animals imported for immediate slaughter were required to label with the originating country and could not be held out exclusively as "Product of the U.S."

3.        COOL is not a food safety program. It is a consumer labeling and marketing law regulated by the USDA's Agricultural Marketing Service.

4.        As directed by the United States Congress through Public Law 114-113, the Consolidated Appropriations Act of 2016, the U.S. Department of Agriculture's (USDA) Agricultural Marketing Service (AMS) issued a final rule in 2016 that amends the Country of Origin Labeling (COOL) regulations by removing the requirements for muscle cuts of beef and pork, and ground beef and pork. The Consolidated Appropriations Act of 2016 repealed these COOL requirements and

immediately after the legislation was passed, USDA stopped enforcing the COOL requirements for beef and pork effective Dec. 18, 2015.  USDA is thus considered to be silent as to COOL regulations regarding beef and pork post 2015.

5.      Since the 2015, Defendants have been labeling beef that is imported into the U.S. post slaughter as "Product of the U.S." or some similar label designed to give the impression that the beef that the consumer is purchasing is from an animal born, raised and slaughtered in the United States. Likewise, since 2015 Defendants have imported cattle for immediate slaughter or for finishing in the United States and then labeled the products derived from those animals as "Product of the U.S." Since 2015, imports of beef to the United States are estimated to average $6.2 billion annually.

6.      Since 2015, Defendants have breached consumer trust and engaged in an unconscionable trade practice  by representing that some of their beef products are a "product of the U.S." when in fact, the products are not derived from domestically originating cattle misleading the consumer and unfairly harming the American producers.

7.      Since 2015, the average price to the consumer for beef products has dropped by 10% while the average price paid to American producers of beef for their cattle has dropped by an average of 40%.

8.      Currently Defendants are responsible for over 80% of the market share of beef sold in the United States.

9.      In order to clearly understand the impact that beef imports are having on the market and their availability to consumers to understand their prevalence a conversion of live cattle to beef is illustrative. The USDA counts imported live cattle and converts imported beef into a live cattle

equivalent. The agency uses a conversion factor of 592 pounds to determine the live cattle equivalent. For example, 1 billion pounds of imported beef is the rough equivalent of 1.7 million live cattle. As of 2019, Defendants as importers now control about 6.9 million cattle in the U.S. market. Only the state of Texas, which controls about 12.6 million cattle exceeds the importers' control. Neither Kansas nor Nebraska, which are the nation's second and third top cattle inventory states, even rival Defendants in domestic cattle inventory.

10.    Defendants' misrepresentations about beef that is a "product of the U.S." prompts consumers to buy beef products with more confidence than they might otherwise have, and to pay more for them than they otherwise would and allows Defendants to pay Plaintiff, the members of the Class and the members of the sub-class significantly less for their cattle that actually originate in the United States.

11.    Plaintiff Lucero, like most domestic producers ranches in an environmentally responsible manner with concern for food safety standards and humane animal handling standards and expects that consumers will rely on upon those actions in making a decision on purchasing beef. Reasonable consumers who see Defendants' representations about beef that is a "Product of the U.S.," did not expect the Products to be derived from non-domestic cattle. Reasonable consumers purchased the Products believing that they were supporting American producers, like Plaintiff Lucero, by purchasing Products labeled "Product of the U.S."

12.    By deceiving consumers about the true origin of the Products, Defendants are able to sell a greater volume of the Products, to produce cheaper products in other Countries, and to take away market share from competitors as well as pay lower prices to domestic producers, like Plaintiff Lucero, thereby increasing their own sales and profits.

13.     Because Defendants' labeling and advertising of the beef products are false and misleading to reasonable consumers in order to engage in unfair competition that harms American beef producers, Plaintiff Lucero brings this case on behalf of himself and the members of the class and subclass seeking injunctive and monetary relief, as set forth more fully below.

## PARTIES

14.     Plaintiff Michael Lucero is a resident of Sandoval County, New Mexico, and a long-time producer of beef cattle with a multi-generational history of ranching in New Mexico. During the class period (as further defined below), Plaintiff Lucero has produced beef cattle for sale into the commercial beef market.

15.     While producing beef cattle born, raised and slaughtered in the United States, Plaintiff actively engaged in conservation efforts to produce beef in an environmentally sound and socially conscious manner. Plaintiff Lucero undertook these efforts, as do other American producers, so that the American consumer could rely on their reputations as domestic producers when purchasing beef upon representations that they were products of the United States or similar statements. Consumers understood the representations about the origination of the Products to mean that the they were purchasing beef from cattle born, raised and slaughtered in the United States on operations such as Plaintiff's.

16.     Defendant Tyson Foods, Inc. is a Delaware corporation with its principal place of business in Springdale, Arkansas.

17.     Defendant Cargill Meat Solutions Corporation, is a Delaware corporation with its principal place of business in Wichita, Kansas.

18.     Defendant JBS USA Food Company, is a Delaware corporation with its principal place of

business in Greeley, Colorado.

19.     Defendant National Beef Packing Company, LLC, is a Delaware corporation with its principal place of business in Kansas City, Missouri.

20.     Defendants manufacture and/or cause the manufacture of the Products, and market, distribute, and sell the Products throughout the United States, including in New Mexico.

## SUBSTANTIVE ALLEGATIONS

21.     In recent years, consumers have grown more concerned about health, sustainability, and animal welfare, leading them to consider how their food is produced. This increased consideration of food production has made consumers more reliant on domestically raised cattle in order to have confidence that the beef they are purchasing meets those concerns, thus a product that is labeled "Product of the U.S." generates a confidence in the consumer that the beef that they are about to purchase is from an American rancher or farmer, like Plaintiff Lucero, to that fulfills their socially conscious and environmentally responsible concerns including concerns that the beef they are about to consume isn't contributing to serious environmental degradation such as what is being experienced in the deforestation of Brazil.

22.     Consumers now actively seek products that provide assurances regarding animal welfare, food safety standards, environmentally sound production methods and support for the domestic producers. Consumers (as Defendants know) are willing to pay more for products marketed in this way than they are willing to pay for competing products that do not provide these assurances, moreover is presented the choice between buying American beef and foreign beef consumers overwhelmingly prefer American beef.

23.     Defendants manufactures and markets a variety of products from the muscle cuts of beef

(the "Products") that are derived both from cattle born and raised in the United States and from imported beef either live or slaughtered elsewhere.

24.     Defendants represent to consumers that the Products (all of them, not just Products from cattle born and raised in the USA) are "Products of the USA" even though some the Products they are selling to consumers were derived from cattle that never drew a breath of American air, much less were born here. The "Product of the U.S." packaging or similar labeling omitting where the Product actually originated from leads consumers to believe, that the beef they are purchasing was born and raised on an American ranch or farm.

**I.      The Reality of the Imported Beef or Live Cattle for the Products
         Renders the Defendants' Advertising False and Deceptive.**

25.     In contrast to what Defendants have told consumers, the Products are made from a mixture of domestically born and raised cattle (actual "Product of the U.S.") and imported beef (approximately 3.06 billion pounds on average since 2014) as well as imported live cattle (approximately 1.94 million head on average since 2014). Unbeknownst to consumers who believe they are supporting exclusively American ranchers and farms raised according to that ethos they understand to be associated to the beef industry in this Country, Defendants are misleading them to use their patronage to support unknown, qualified beef production practices, such as feedlot shipping across the oceans in an environmentally damaging fashion or such as the environmental devastation of deforestation of the Amazon Rain Forest for grazing witnessed in Brazil.

26.     The packaging presents the Products as "Products of the U.S." or other similar representations that are prominent on packaging, results in the representations are necessarily seen by retail purchasers of the Products. Thus, representations made by Defendants regarding country of origin made to the distributors or to retailers that repackage the meat such as grocers, Costco or Sam's Club results in a misleading and false representations being made to the consumer.

 

























13











27.     The packaging, with its "Product of United States" or "USDA Choice" with no accurate representation of country of origin, prominently directs purchasers to assume that the Products are actually derived from domestically born and raised cattle when in fact that may not be true at all.

28.     In the instance of the Costco packaging, the absence of the country of origin taken together, with "USDA Choice" or other grading label, are intended to, and do, portray to consumers that

15

they are purchasing a "Product of the United States" which is contrasted to lamb which is required to have accurate country of origin labeling.

29.     In the case of "grass-fed beef" over 75% of the beef sold to consumers largely (80%) by Defendants is from foreign cattle not beef that originates exclusively in the United States.

30.     Contrary to the representations made by Defendants and passed on to retailers who make the representations to the consumers, much of the beef in the Products is not actually a product of the United States.

**II.     Defendants' Have Deceived Consumers and Are Aware That Their Representations Are False.**

31.     America's ranchers and farmers, like Plaintiff Lucero, have spent decades cultivating a reputation as an environmentally and socially conscious beef industry. Since 2015, when USDA went silent on COOL for beef and pork, Defendants have been able to benefit from that reputation, and from the consumer trust it engenders, without necessarily operating the way that American farmers and ranchers are reputed to do and then misused that consumer trust to pay domestic producers 40% less on average per year since 2015 less for their born and raised American beef that they sell alongside foreign beef to the consumer under the same labeling.

32.     Reasonable consumers rely on manufacturers, their reputation, and the information provided in manufacturers' marketing in making purchase decisions, especially in purchasing food.

33.     Reasonable consumers lack the information and scientific knowledge necessary to ascertain the true source, quality, and nature of the beef products they purchase.

34.     Reasonable consumers must, and do, rely on Defendants to report honestly where the products originate.

35.     Reasonable consumers are misled and deceived by Defendants labeling as to where the

Products originate from and what that means for how the Product was produced.

36.     Defendants made these false, misleading, and deceptive representations, and omitted the true information that would counter them, knowing that consumers would rely upon the representations and omissions in purchasing the Products.

37.     In making the false, misleading, and deceptive representations and omissions at issue, Defendants knew and intended for consumers to purchase the Products believing them to be products of the United States when consumers might otherwise purchase a competing product, from Plaintiff Lucero or others that are similarly situated, that was actually born, raised and slaughtered in the United States.

38.     In making the false, misleading, and deceptive representations and omissions at issue, Defendants also knew and intended that consumers would purchase foreign beef believing that they where purchasing something that represented a humane, environmentally sound and/or socially responsible, production furthering Defendants' private interest of increasing their profits through the sale of what would otherwise be cheaper valued products to the consumer and decreasing the sales of products that are truthfully marketed by its competitors and thereby allowing them to American producers like Plaintiff Lucero less for their cattle.

39.     Upon information and belief, Defendants have profited enormously to the detriment of consumers and domestic producers from its falsely marketed products. It is understood that on average per year since 2015 that imports for Defendants represents close to $6.2 Billion annually.

40.     Defendants' conduct in representing the Products as being products of the United States deceived and/or is likely to deceive the public.

41.     To this day, Defendants continues to conceal and suppress the true origination of the

Products.

42.     Defendants' concealment tolls the applicable statute of limitations.

43.     Upon information and belief, Defendants have failed to remedy the problems with their marketing, thus causing future harm to domestic beef cattle producers, as well as real, immediate, and continuing harm.

44.     Plaintiff Lucero and other members of the Class and Subclass will continue to suffer injury if Defendants' deceptive conduct is not enjoined. Plaintiff Lucero would like to continue raising cattle for beef for sale to the consumers. But as a result of Defendants wrongful acts, Plaintiff Lucero and other producers have been unfairly disadvantaged by the actions of Defendants in a way that threatens the viability of their businesses that are already understood to have tight margins or profitability. Absent an injunctive order, Plaintiff Lucero and other American beef producers are prevented competing fairly in the market, and are otherwise at continued risk of real and immediate threat of repeated injury, including an artificially suppressed price for their cattle.

45.     Defendant has failed to provide adequate relief to members of the Class as of the date of filing this Complaint.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction under the New Mexico Constitution and the Unfair Practices Act, NMSA 1978 57-12-1 *et seq.*.

47.     This Court has personal jurisdiction over the parties in this case. Defendants conduct business in New Mexico and avails itself of the laws of this State to market, promote, distribute, and sell the Defendants' Products to consumers throughout New Mexico.

48.     Venue is proper in this District because substantial acts in furtherance of the alleged

improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District; Plaintiff Lucero resides in and ranches in this District; and Plaintiff Lucero brings this action under the laws of New Mexico.

## CLASS ALLEGATIONS

49.    Plaintiff Lucero brings this action as a class action pursuant to NMRA Rule 1-023. Plaintiff seeks to represent the following Class and Sub-Class:

(1)    All ranchers and farmers in the United States who produced beef cattle for commercial sale that were born, raised and slaughtered in the United States. ("Class").

(2)    All ranchers in New Mexico who produced beef cattle for commercial sale that were born, raised and slaughtered in the United States ("New Mexico Sub-Class").

50.    Excluded from the Class and New Mexico Sub-Class are (1) Defendants, any entity or division in which any Defendants' have a controlling interest, and Defendants' legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff.

51.    The requirements of Federal Rule of Civil Procedure 23 are satisfied:

A.    <u>Numerosity:</u> The members of the Class and the New Mexico Sub-Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is currently unknown to Plaintiff Lucero, based on the known number of ranchers and farmers commercially operating to sell cattle for beef in the United States and New Mexico, Plaintiff Lucero estimates that each numbers greater than 45, if not more.

B.    <u>Commonality:</u> There are questions of law and fact that are common to the Class members and that predominate over individual questions, and therefore, the requirements of

Rule 23(b)(3) are met. The common questions of law and fact include the following:

i.   Whether Defendants materially misrepresented, either through express or implied representations, that the muscle cut of beef in the Products originated exclusively from the United States;

ii.  Whether Defendants misrepresented and/or failed to disclose material facts concerning the Products;

iii. Whether Defendants' labeling, marketing, and sale of the Products as products of the United States constitutes unfair, deceptive, fraudulent, or unlawful conduct;

iv.  Whether Defendants procured and has retained ill-gotten gains from members of the Class;

v.   Whether Defendants' conduct injured domestic beef producers and, if so, the extent of the injury;

vi.  Whether Plaintiff Lucero and the Class or New Mexico Sub-Class members are entitled to injunctive relief; and

vii. The appropriate remedies for Defendants' conduct.

C.   <u>Typicality:</u> Plaintiff Lucero's claims are typical of the claims of the Class and New Mexico Sub-Class because Plaintiff Lucero suffered the same injury-i.e., Plaintiff Lucero was economically harmed by being unfairly able to compete in the market as a result of Defendants' misleading representations and omissions about the origination of those cattle for the Products.

D.   <u>Adequacy:</u> Plaintiff Lucero will fairly and adequately represent and protect the interests of the members of the Class and the New Mexico Sub-Class. Plaintiff Lucero does

not have any interests that are adverse to those of the Class members or New Mexico Sub-Class members. Plaintiff Lucero has retained competent counsel experienced in class action litigation and intends to prosecute this action vigorously.

E. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged.

52.     The prerequisites for maintaining a class action for injunctive or equitable relief under NMRA 1-023 are met because Defendants have acted or refused to act on grounds generally applicable to the Class and to the New Mexico Sub-Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Violation of the New Mexico Unfair Practices Act**
**(On Behalf of Plaintiff and the New Mexico Subclass)**

53.     Plaintiff Lucero repeats the allegations in all the foregoing paragraphs as if fully set forth herein.

54.     Plaintiff Lucero brings this claim on his own behalf and on behalf of the New Mexico Subclass.

55.     The Unfair Practices Act (N.M.S.A. §§ 57-12-1 *et seq.* ("UPA")) declares unlawful all

"[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce." N.M.S.A. § 57-12-1. The UPA is to be liberally construed to protect the public and encourage fair and honest competition.

56.    Defendants have acted unfairly and deceptively, in violation of the UPA, by misrepresenting to consumers that the muscle cuts of beef in the Products originates exclusively from American ranchers and farmers like Plaintiff Lucero and other similarly situated in order to capitalize on the reputation of those domestic producers. This representation was likely to mislead consumers acting reasonably under the circumstances and did mislead consumers acting reasonably under the circumstances.

57.    Having made these representations, Defendants have acted unfairly and deceptively, in violation of the UPA, by omitting information about the actual origination of the beef in the Products a great amount of which originates from imports of beef and imported foreign cattle. This omission was likely to mislead consumers acting reasonably under the circumstances, and did mislead consumers acting reasonably under the circumstances, so that Defendants could pay Plaintiff and the Class and sub-Class members less for their domestically originated cattle for beef.

58.    Defendants' representations and omissions were material to consumers. Defendants representations and omissions led consumers to believe that the Products were derived from American ranches and farms with a reputation of humane standards, food safety protections, and being environmentally responsible. Defendants' representations and omissions led consumers to purchase imported Products, to purchase more of those Products, and/or to pay a higher price for the Products than they otherwise would have, while at the same time paying domestic producers like Plaintiff Lucero 40% less on average per year for their cattle.

59.     Although it is not necessary for Plaintiff Lucero to prove that Defendants intended to act unfairly or deceptively, on information and belief, Defendants did so intend, and did knowingly capitalize on the reputation of domestic beef producers to make material representations and omissions to consumers in New Mexico and across the nation.

60.     Defendants acted with malice, ill will, or wanton conduct in deceiving New Mexico consumers about how their purchasing dollars are being spent, and whether they are supporting domestic producers, or unwittingly spending in support of foreign beef operations associated with environmental degradation. Defendants acted with malice, ill will, or wanton conduct in deceiving New Mexico consumers who wish to support environmentally responsible socially conscious New Mexico and USA-based businesses like that of Plaintiff Lucero and other domestic producers.

61.     Pursuant to NMSA § 57-12-10, a person who sustains injury or damages as a result of practices prohibited by UPA may sue for equitable relief and to recover damages or return of consideration. Plaintiff Lucero sustained injury and damages by receiving less for his cattle that he would have in fair competition that disclosed the actual origin of the beef the consumers bought.

62.     Plaintiff Lucero brings this claim for violation of the UPA on his own behalf, and on behalf of other New Mexico ranchers who were paid less for their cattle as a result of Products labeled as products of the United States being sold to consumers that were not genuinely products of the United States. Plaintiff Lucero is a "person" pursuant to NMSA § 57-12-2 that has been harmed by the unfair competition created by the unconscionable trade practices of Defendant.

63.     Plaintiff Lucero and members of the New Mexico Subclass are entitled to:

    a.  equitable relief;

    b.  actual damages or the sum of one hundred dollars ($100), whichever is greater;

    c.   exemplary damages up to three times actual damages or three hundred dollars ($300), whichever is greater; and

    d.   attorneys' fees and cost.

NMSA § 57-12-10.

**COUNT II**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

64.    Plaintiff Lucero repeats the allegations in all the foregoing paragraphs as if fully set forth herein.

65.    Plaintiff Lucero brings this claim on his own behalf and on behalf of the Class.

66.    As the intended, direct, and proximate result of Defendants' conduct, Defendants have been unjustly enriched through sales imported Products at the expense of Plaintiff Lucero and the Class members.

67.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from acting unfairly in competition with Plaintiff Lucero and the Class members by misleading consumers so that they could increase profits while diminishing the amounts paid to Plaintiff Lucero and the Class members for their cattle produced for beef.

**PRAYER FOR RELIEF**

Plaintiff Lucero, on his own behalf and on behalf of the Class and the New Mexico Subclass, prays for the following relief:

A.    An order certifying the Class and New Mexico Subclass under Rule 23 of the New Mexico Rules of Civil Procedure and naming Plaintiff Lucero as Class and New Mexico

24

Subclass Representative and his attorneys as Class Counsel;

B.      A declaration that Defendants are financially responsible for notifying Class and New Mexico Subclass members of the pendency of this suit;

C.      An order declaring that Defendants' conduct violates the New Mexico UPA;

D.      An order providing appropriate equitable relief in the form of an injunction against Defendants' unlawful and deceptive acts and practices, and requiring proper, complete, and accurate representation, packaging, and labeling of the Products;

E.      An order providing appropriate equitable relief in the form of an injunction against Defendants' unlawful and deceptive acts and practices, and requiring that Defendants remove and refrain from making representations on the Products' packaging that beef that is not born, raised and slaughtered in the US is exclusively a product of the US and requiring that any Products from cattle that are not born, raised and slaughtered in the US be labeled in a way to disclose the accurate and complete origination of the Product;

F.      Actual damages for members of the New Mexico Subclass pursuant to NMSA § 57-12-10;

G.      Exemplary damages of 3 times the actual damages for members of the New Mexico Subclass pursuant to NMSA § 57-12-10;

H.      Restitution for members of the Class to recover Defendants' ill-gotten benefits;

J.      An order finding in favor of Plaintiff Lucero and the Class and New Mexico Subclass on all counts asserted herein;

K.      Prejudgment interest on all amounts awarded;

L.      An order of restitution and all other forms of equitable monetary relief;

M.      Injunctive relief as the Court may deem appropriate; and

N.      An order awarding Plaintiff Lucero, the Class and New Mexico Subclass their attorneys' fees and expenses and costs of suit.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com

| **SUMMONS FOR COMPLAINT** | |
|---|---|
| District Court: Thirteenth Judicial District Court<br><br>Court Address: 1500 Idalia Rd. Bldg A NW<br>Bernalillo, NM 87004<br><br>Court Telephone No.: 505-867-2376 | Case Number: D-1329-CV-2020-00044<br><br>Judge: George P. Eichwald |
| Plaintiff(s):<br>MICHAEL LUCERO<br><br>v.<br><br>Defendant(s):<br><br>TYSON FOODS, INC.,<br><br>CARGILL MEAT SOLUTIONS, CORP.,<br><br>JBS USA FOOD COMPANY,<br><br>NATIONAL BEEF PACKING COMPANY, LLC. | Defendant:<br>Name: NATIONAL BEEF PACKING COMPANY, LLC.<br><br>Address: 120 South Central Ave.<br>Clayton, MO 63015 |
| | |

*Handwritten at top right:* 1-13

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
1/17/2020 10:47 AM
AUDREY GARCIA
CLERK OF THE COURT
Denika Sherman

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ___Bernalillo___, New Mexico, this _8th_ day of ___January___, 2020.

AUDREY GARCIA
CLERK OF COURT

By: /s/ Kayla Breceda
Deputy



/s/ A. Blair Dunn
Signature of Attorney for Plaintiff
    Name: A. Blair Dunn
    Address:400 Gold Ave SW, Suite 1000
    Albuquerque, NM 87102
    Telephone No.: (505) 750-3060
    Fax No.:(505) 226-8500
    Email Address: abdunn@ablairdunn-esq.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

i

**RETURN**[1]

STATE OF ~~NEW MEXICO~~ *Missouri*          )
                                                              ) ss.
COUNTY OF *St Louis*                               )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *St Louis* county on the *13* day of *January* *2020*, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[x] to *Bonnie Love at CT's*, an agent authorized to receive service of process for defendant *National Fleet*

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

*Process Server*
Title (*if any*)

Subscribed and sworn to before me this *13* day of *January*, *2020*

_____
Judge, notary or other officer
authorized to administer oaths

*Notary Public*
Official title

ROBERT M. WEST
My Commission Expires
February 22, 2021
St. Louis County
Commission #13488278

USE NOTE

    1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED<br>Sandoval County

**SUMMONS FOR COMPLAINT** 13th JUDICIAL DISTRICT COURT

| District Court: Thirteenth Judicial District Court | Case Number: D-1329-CV-2017/2020 10:47 AM |
|---|---|
| Court Address: 1500 Idalia Rd. Bldg A NW<br>Bernalillo, NM 87004<br>Court Telephone No.: 505-867-2376 | Judge: George P. Eichwald |
| Plaintiff(s):<br>MICHAEL LUCERO<br>v.<br>Defendant(s):<br><br>TYSON FOODS, INC.,<br><br>CARGILL MEAT SOLUTIONS, CORP.,<br><br>JBS USA FOOD COMPANY,<br><br>NATIONAL BEEF PACKING COMPANY,<br>LLC. | Defendant:<br>Name: JBS USA FOOD COMPANY<br><br>Address: 1900 W. Littleton Blvd.<br>Littleton, CO 82012 |

AUDREY GARCIA
CLERK OF THE COURT
Denika Sherman

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Bernalillo , New Mexico, this 8th day of January , 2020.
AUDREY GARCIA
CLERK OF COURT

By: /s/ Kayla Breceda
Deputy



/s/ A. Blair Dunn
Signature of Attorney for Plaintiff
Name: A. Blair Dunn
Address: 400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
Telephone No.: (505) 750-3060
Fax No.: (505) 226-8500
Email Address: abdunn@ablairdunn-esq.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

1

**Court:** _District Court, Second Judicial District Court, New Mexico_
**Case Name:** _D-1329-CV-2020-00044_
**Case Number:** _Michael Lucero v Tyson Foods, Inc_

## RETURN OF SERVICE

**IN THE STATE OF COLORADO, COUNTY OF JEFFERSON,** I declare under oath that I served the documents specified here, **_Summons for Complaint, and Class Action Complaint_** on the person specified on the document herein after referred to as **SUBJECT**. At the time of service **SUBJECT** was located at: _**1900 W Littleton Blvd**_, City of: _**Littleton**_, ZIP _80122_, County of _**Arapahoe**_, **COLORADO**, on _1/10/2020_ at _**9:45a.m.**_

**NAME OF SUBJECT SERVED:** _**JBS USA Food Company**_

☐ By leaving the documents with the individual identified to me as **SUBJECT**

☐ By leaving the documents with **SUBJECT** who refused service.

☒ By leaving the documents at the usual place of business with **SUBJECT'S** _**Registered Agent- Cole Stender with the Corporation Service Company**_ Designated to receive service for **SUBJECT**.

☐ By leaving documents with a family member over the age of 18 at the **SUBJECT'S** usual place of abode

I am over the age of 18 and am not in any way interested in or party to this case.
*****************************************************************

**SUBSCRIBED AND SWORN** to before me this ⟨⟩ day of ⟨January⟩ 2020, by Telecia Smith, in JEFFERSON COUNTY, COLORADO

_____          _____
Notary Public/Commission Expires          Private Process Server

Herald Woolsey
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19994014199
MY COMMISSION EXPIRES        October 16, 2023

**SUMMONS FOR COMPLAINT**

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
1/17/2020 10:47 AM
AUDREY GARCIA
CLERK OF THE COURT
Denika Sherman

| | |
|---|---|
| District Court: Thirteenth Judicial District Court<br>Court Address: 1500 Idalia Rd. Bldg A NW<br>Bernalillo, NM 87004<br>Court Telephone No.: 505-867-2376 | Case Number: D-1329-CV-2020-00041<br><br>Judge: George P. Eichwald |
| Plaintiff(s):<br>MICHAEL LUCERO<br>v.<br>Defendant(s):<br>   TYSON FOODS, INC.,<br>   CARGILL MEAT SOLUTIONS, CORP.,<br>   JBS USA FOOD COMPANY,<br>   NATIONAL BEEF PACKING COMPANY,<br>   LLC. | Defendant:<br>Name: CARGILL MEAT SOLUTIONS,<br>CORP.<br><br>Address: 1108 E. South Union Ave.<br>   Midvale, UT 84047 |
| | |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at  Bernalillo  , New Mexico, this  8th  day of   January  , 2020.

AUDREY GARCIA
CLERK OF COURT

By: /s/ Kayla Breceda
Deputy



/s/ A. Blair Dunn
Signature of Attorney for Plaintiff
   Name: A. Blair Dunn
   Address:400 Gold Ave SW, Suite 1000
   Albuquerque, NM 87102
   Telephone No.: (505) 750-3060
   Fax No.:(505) 226-8500
   Email Address: abdunn@ablairdunn-esq.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO    )
                             ) ss.
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Shawnee_ county on the _10th_ day of _January_, _2020_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X] to _The Corporation Company / melinda Pease_, an agent authorized to receive service of process for defendant _Cargill Meat Sol Corp._

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_Michelle Drolaw_     785-233-9426
Signature of person making service

_KS- Licensed PI D-5313_
Title (*if any*)

Subscribed and sworn to before me this _10th_ day of _January_, _2020_[2]

_____
Judge, notary or other officer
authorized to administer oaths

_Notary Public_
Official title

Dylan T. Ford
NOTARY PUBLIC — STATE OF KANSAS
MY APPT EXP: 05/05/2021

2

USE NOTE

    1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

**SUMMONS FOR COMPLAINT**

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
1/17/2020 10:47 AM
AUDREY GARCIA
CLERK OF THE COURT
Denika Sherman

| | |
|---|---|
| District Court: Thirteenth Judicial District Court<br>Court Address: 1500 Idalia Rd. Bldg A NW<br>Bernalillo, NM 87004<br>Court Telephone No.: 505-867-2376 | Case Number: D-1329-CV-2020-00047<br><br>Judge: George P. Eichwald |
| Plaintiff(s):<br>MICHAEL LUCERO<br>v.<br>Defendant(s):<br><br>TYSON FOODS, INC.,<br>CARGILL MEAT SOLUTIONS, CORP.,<br>JBS USA FOOD COMPANY,<br>NATIONAL BEEF PACKING COMPANY,<br>LLC. | Defendant:<br>Name: TYSON FOODS, INC.<br><br>Address: 206 S. Coronado Ave<br>Espanola, NM 87532-2792<br><br>C/o C.T. Corporation System |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at  Bernalillo , New Mexico, this  8th  day of   January  , 2020.

AUDREY GARCIA
CLERK OF COURT

By: /s/ Kayla Breceda
Deputy



SEAL
DISTRICT COURT CLERK
SANDOVAL, NEW MEXICO

/s/ A. Blair Dunn
Signature of Attorney for Plaintiff
Name: A. Blair Dunn
Address: 400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
Telephone No.: (505) 750-3060
Fax No.: (505) 226-8500
Email Address: abdunn@ablairdunn-esq.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO )
                    ) ss.
COUNTY OF *Rio Ariba* )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Rio Ariba* county on the *10th* day of *January*, *2020*, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X] to *Judy Romero* *½ C.J. Corporation System*, an agent authorized to receive service of process for defendant *Tyson Foods, Inc.*

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $ *135.55*

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this *10* day of *January*, *2020*

_____
Judge, notary or other officer
authorized to administer oaths

_____*Notary*_____
Official title

OFFICIAL SEAL
Patricia Padilla
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: *11-24-21*

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
1/17/2020 1:42 PM
AUDREY GARCIA
CLERK OF THE COURT
KB

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT COURT**

**MICHAEL LUCERO,**
**on behalf of himself and others**
**similarly situated,**

   **Plaintiff,**

**v.**         **Case No. D-1329-CV-2020-00044**



**TYSON FOODS, INC,**
**CARGILL MEAT SOLUTIONS, CORP.,**
**JBS USA FOOD COMPANY,**
**NATIONAL BEEF PACKING COMPANY, LLC**

   **Defendants.**

## *AMENDED* CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Michael Lucero, by and through undersigned counsel of record

Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq.) on behalf of

himself and all others similarly situated, alleges, with personal knowledge as to his own actions,

and upon information and belief as to those of others, the following against Defendants

(collectively, "Packers" or "Defendants"):

## NATURE OF THE ACTION

1.  This is a proposed class-action complaint brought on behalf of one class and one subclass

(further defined *infra),* comprising ranchers and farmers who domestically sell cattle for beef that

is born, raised, and slaughtered in the United States that are placed in unfair competition with the

ground beef and muscles cuts of beef from imported lived cattle and beef sold by Defendants (the "Products," as further defined below) that are deceptively labeled and marketed.

2.      Country of Origin Labeling (Cool) is a mandatory U.S. labeling law enforced by the U.S. Department of Agriculture (USDA) that requires retailers notify their customers with information regarding the source of certain foods, also referred to as covered commodities. The Farm Security and Rural Investment Act of 2002 (2002 Farm Bill), the 2002 Supplemental Appropriations Act (2002 Appropriations), and the Food, Conservation and Energy Act of 2008 (2008 Farm Bill) amended the Agricultural Marketing Act of 1946 (Act) to require retailers to notify their customers of the country of origin of covered commodities. Covered commodities include muscle cuts of beef (including veal), lamb, chicken, goat, and pork; ground beef, ground lamb, ground chicken, ground goat, and ground pork; wild and farm-raised fish and shellfish; perishable agricultural commodities; macadamia nuts; pecans; ginseng; and peanuts. Specifically, this applied to regulations promulgated by USDA that prohibited beef imported post-slaughter or products derived from animals imported for immediate slaughter were required to label with the originating country and could not be held out exclusively as "Product of the U.S."

3.      COOL is not a food safety program. It is a consumer labeling and marketing law regulated by the USDA's Agricultural Marketing Service.

4.      As directed by the United States Congress through Public Law 114-113, the Consolidated Appropriations Act of 2016, the U.S. Department of Agriculture's (USDA) Agricultural Marketing Service (AMS) issued a final rule in 2016 that amends the Country of Origin Labeling (COOL) regulations by removing the requirements for muscle cuts of beef and pork, and ground beef and pork. The Consolidated Appropriations Act of 2016 repealed these COOL requirements and

immediately after the legislation was passed, USDA stopped enforcing the COOL requirements for beef and pork effective Dec. 18, 2015.  USDA is thus considered to be silent as to COOL regulations regarding beef and pork post 2015.

5.      Since the 2015, Defendants have been labeling beef that is imported into the U.S. post slaughter as "Product of the U.S." or some similar label designed to give the impression that the beef that the consumer is purchasing is from an animal born, raised and slaughtered in the United States. Likewise, since 2015 Defendants have imported cattle for immediate slaughter or for finishing in the United States and then labeled the products derived from those animals as "Product of the U.S." Since 2015, imports of beef to the United States are estimated to average $6.2 billion annually.

6.      Since 2015, Defendants have breached consumer trust and engaged in an unconscionable trade practice  by representing that some of their beef products are a "product of the U.S." when in fact, the products are not derived from domestically originating cattle misleading the consumer and unfairly harming the American producers.

7.      Since 2015, the average price to the consumer for beef products has dropped by 10% while the average price paid to American producers of beef for their cattle has dropped by an average of 40%.

8.      Currently Defendants are responsible for over 80% of the market share of beef sold in the United States.

9.      In order to clearly understand the impact that beef imports are having on the market and their availability to consumers to understand their prevalence a conversion of live cattle to beef is illustrative. The USDA counts imported live cattle and converts imported beef into a live cattle

equivalent. The agency uses a conversion factor of 592 pounds to determine the live cattle equivalent. For example, 1 billion pounds of imported beef is the rough equivalent of 1.7 million live cattle. As of 2019, Defendants as importers now control about 6.9 million cattle in the U.S. market. Only the state of Texas, which controls about 12.6 million cattle exceeds the importers' control. Neither Kansas nor Nebraska, which are the nation's second and third top cattle inventory states, even rival Defendants in domestic cattle inventory.

10.     Defendants' misrepresentations about beef that is a "product of the U.S." prompts consumers to buy beef products with more confidence than they might otherwise have, and to pay more for them than they otherwise would and allows Defendants to pay Plaintiff, the members of the Class and the members of the sub-class significantly less for their cattle that actually originate in the United States.

11.     Plaintiff Lucero, like most domestic producers ranches in an environmentally responsible manner with concern for food safety standards and humane animal handling standards and expects that consumers will rely on upon those actions in making a decision on purchasing beef. Reasonable consumers who see Defendants' representations about beef that is a "Product of the U.S.," did not expect the Products to be derived from non-domestic cattle. Reasonable consumers purchased the Products believing that they were supporting American producers, like Plaintiff Lucero, by purchasing Products labeled "Product of the U.S."

12.     By deceiving consumers about the true origin of the Products, Defendants are able to sell a greater volume of the Products, to produce cheaper products in other Countries, and to take away market share from competitors as well as pay lower prices to domestic producers, like Plaintiff Lucero, thereby increasing their own sales and profits.

13.     Because Defendants' labeling and advertising of the beef products are false and misleading to reasonable consumers in order to engage in unfair competition that harms American beef producers, Plaintiff Lucero brings this case on behalf of himself and the members of the class and subclass seeking injunctive and monetary relief, as set forth more fully below.

## PARTIES

14.     Plaintiff Michael Lucero is a resident of Sandoval County, New Mexico, and a long-time producer of beef cattle with a multi-generational history of ranching in New Mexico. During the class period (as further defined below), Plaintiff Lucero has produced beef cattle for sale into the commercial beef market.

15.     While producing beef cattle born, raised and slaughtered in the United States, Plaintiff actively engaged in conservation efforts to produce beef in an environmentally sound and socially conscious manner. Plaintiff Lucero undertook these efforts, as do other American producers, so that the American consumer could rely on their reputations as domestic producers when purchasing beef upon representations that they were products of the United States or similar statements. Consumers understood the representations about the origination of the Products to mean that the they were purchasing beef from cattle born, raised and slaughtered in the United States on operations such as Plaintiff's.

16.     Defendant Tyson Foods, Inc. is a Delaware corporation with its principal place of business in Springdale, Arkansas.

17.     Defendant Cargill Meat Solutions Corporation, is a Delaware corporation with its principal place of business in Wichita, Kansas.

18.     Defendant JBS USA Food Company, is a Delaware corporation with its principal place of

business in Greeley, Colorado.

19.    Defendant National Beef Packing Company, LLC, is a Delaware corporation with its principal place of business in Kansas City, Missouri.

20.    Defendants manufacture and/or cause the manufacture of the Products, and market, distribute, and sell the Products throughout the United States, including in New Mexico.

## SUBSTANTIVE ALLEGATIONS

21.    In recent years, consumers have grown more concerned about health, sustainability, and animal welfare, leading them to consider how their food is produced. This increased consideration of food production has made consumers more reliant on domestically raised cattle in order to have confidence that the beef they are purchasing meets those concerns, thus a product that is labeled "Product of the U.S." generates a confidence in the consumer that the beef that they are about to purchase is from an American rancher or farmer, like Plaintiff Lucero, to that fulfills their socially conscious and environmentally responsible concerns including concerns that the beef they are about to consume isn't contributing to serious environmental degradation such as what is being experienced in the deforestation of Brazil.

22.    Consumers now actively seek products that provide assurances regarding animal welfare, food safety standards, environmentally sound production methods and support for the domestic producers. Consumers (as Defendants know) are willing to pay more for products marketed in this way than they are willing to pay for competing products that do not provide these assurances, moreover is presented the choice between buying American beef and foreign beef consumers overwhelmingly prefer American beef.

23.    Defendants manufactures and markets a variety of products from the muscle cuts of beef

(the "Products") that are derived both from cattle born and raised in the United States and from imported beef either live or slaughtered elsewhere.

24.      Defendants represent to consumers that the Products (all of them, not just Products from cattle born and raised in the USA) are "Products of the USA" even though some the Products they are selling to consumers were derived from cattle that never drew a breath of American air, much less were born here. The "Product of the U.S." packaging or similar labeling omitting where the Product actually originated from leads consumers to believe, that the beef they are purchasing was born and raised on an American ranch or farm.

**I.      The Reality of the Imported Beef or Live Cattle for the Products Renders the Defendants' Advertising False and Deceptive.**

25.      In contrast to what Defendants have told consumers, the Products are made from a mixture of domestically born and raised cattle (actual "Product of the U.S.") and imported beef (approximately 3.06 billion pounds on average since 2014) as well as imported live cattle (approximately 1.94 million head on average since 2014). Unbeknownst to consumers who believe they are supporting exclusively American ranchers and farms raised according to that ethos they understand to be associated to the beef industry in this Country, Defendants are misleading them to use their patronage to support unknown, unqualified beef production practices, such as feedlot shipping across the oceans in an environmentally damaging fashion or such as the environmental devastation of deforestation of the Amazon Rain Forest for grazing witnessed in Brazil.

26.      The packaging presents the Products as "Products of the U.S." or other similar representations that are prominent on packaging, results in the representations are necessarily seen by retail purchasers of the Products. Thus, representations made by Defendants regarding country of origin made to the distributors or to retailers that repackage the meat such as grocers, Costco or Sam's Club results in a misleading and false representations being made to the consumer.

 



































27.     The packaging, with its "Product of United States" or "USDA Choice" with no accurate representation of country of origin, prominently directs purchasers to assume that the Products are actually derived from domestically born and raised cattle when in fact that may not be true at all.

28.     In the instance of the Costco packaging, the absence of the country of origin taken together, with "USDA Choice" or other grading label, are intended to, and do, portray to consumers that

they are purchasing a "Product of the United States" which is contrasted to lamb which is required to have accurate country of origin labeling.

29.     In the case of "grass-fed beef" over 75% of the beef sold to consumers largely (80%) by Defendants is from foreign cattle not beef that originates exclusively in the United States.

30.     Contrary to the representations made by Defendants and passed on to retailers who make the representations to the consumers, much of the beef in the Products is not actually a product of the United States.

**II.     Defendants' Have Deceived Consumers and Are Aware That Their Representations Are False.**

31.     America's ranchers and farmers, like Plaintiff Lucero, have spent decades cultivating a reputation as an environmentally and socially conscious beef industry. Since 2015, when USDA went silent on COOL for beef and pork, Defendants have been able to benefit from that reputation, and from the consumer trust it engenders, without necessarily operating the way that American farmers and ranchers are reputed to do and then misused that consumer trust to pay domestic producers 40% less on average per year since 2015 less for their born and raised American beef that they sell alongside foreign beef to the consumer under the same labeling.

32.     Reasonable consumers rely on manufacturers, their reputation, and the information provided in manufacturers' marketing in making purchase decisions, especially in purchasing food.

33.     Reasonable consumers lack the information and scientific knowledge necessary to ascertain the true source, quality, and nature of the beef products they purchase.

34.     Reasonable consumers must, and do, rely on Defendants to report honestly where the products originate.

35.     Reasonable consumers are misled and deceived by Defendants labeling as to where the

Products originate from and what that means for how the Product was produced.

36.     Defendants made these false, misleading, and deceptive representations, and omitted the true information that would counter them, knowing that consumers would rely upon the representations and omissions in purchasing the Products.

37.     In making the false, misleading, and deceptive representations and omissions at issue, Defendants knew and intended for consumers to purchase the Products believing them to be products of the United States when consumers might otherwise purchase a competing product, from Plaintiff Lucero or others that are similarly situated, that was actually born, raised and slaughtered in the United States.

38.     In making the false, misleading, and deceptive representations and omissions at issue, Defendants also knew and intended that consumers would purchase foreign beef believing that they where purchasing something that represented a humane, environmentally sound and/or socially responsible, production furthering Defendants' private interest of increasing their profits through the sale of what would otherwise be cheaper valued products to the consumer and decreasing the sales of products that are truthfully marketed by its competitors and thereby allowing them to American producers like Plaintiff Lucero less for their cattle.

39.     Upon information and belief, Defendants have profited enormously to the detriment of consumers and domestic producers from its falsely marketed products. It is understood that on average per year since 2015 that imports for Defendants represents close to $6.2 Billion annually.

40.     Defendants' conduct in representing the Products as being products of the United States deceived and/or is likely to deceive the public.

41.     To this day, Defendants continues to conceal and suppress the true origination of the

Products.

42.     Defendants' concealment tolls the applicable statute of limitations.

43.     Upon information and belief, Defendants have failed to remedy the problems with their marketing, thus causing future harm to domestic beef cattle producers, as well as real, immediate, and continuing harm.

44.     Plaintiff Lucero and other members of the Class and Subclass will continue to suffer injury if Defendants' deceptive conduct is not enjoined. Plaintiff Lucero would like to continue raising cattle for beef for sale to the consumers. But as a result of Defendants wrongful acts, Plaintiff Lucero and other producers have been unfairly disadvantaged by the actions of Defendants in a way that threatens the viability of their businesses that are already understood to have tight margins or profitability. Absent an injunctive order, Plaintiff Lucero and other American beef producers are prevented competing fairly in the market, and are otherwise at continued risk of real and immediate threat of repeated injury, including an artificially suppressed price for their cattle.

45.     Defendant has failed to provide adequate relief to members of the Class as of the date of filing this Complaint.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction under the New Mexico Constitution and the Unfair Practices Act, NMSA 1978 57-12-1 *et seq.*.

47.     This Court has personal jurisdiction over the parties in this case. Defendants conduct business in New Mexico and avails itself of the laws of this State to market, promote, distribute, and sell the Defendants' Products to consumers throughout New Mexico.

48.     Venue is proper in this District because substantial acts in furtherance of the alleged

improper conduct, including the dissemination of false and misleading information regarding the

nature, quality, and/or ingredients of the Products, occurred within this District; Plaintiff Lucero

resides in and ranches in this District; and Plaintiff Lucero brings this action under the laws of

New Mexico.

## CLASS ALLEGATIONS

49.     Plaintiff Lucero brings this action as a class action pursuant to NMRA Rule 1-023. Plaintiff

seeks to represent the following Class and Sub-Class:

> (1)     All ranchers and farmers in the United States who  produced beef cattle for
> commercial sale that were born, raised and slaughtered in the United States. ("Class").
>
> (2)     All ranchers in New Mexico who produced beef cattle for commercial sale that
> were born, raised and slaughtered in the United States ("New Mexico Sub-Class").

50.     Excluded from the Class and New Mexico Sub-Class are (1) Defendants, any entity or

division in which any Defendants' have a controlling interest, and Defendants' legal

representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is

assigned and the judge's staff.

51.     The requirements of Federal Rule of Civil Procedure 23 are satisfied:

A.     Numerosity: The members of the Class and the New Mexico Sub-Class are so

numerous that joinder of all members is impracticable. While the exact number of Class

members is currently unknown to Plaintiff Lucero, based on the known number of ranchers and

farmers commercially operating to sell cattle for beef in the United States and New Mexico,

Plaintiff Lucero estimates that each numbers greater than 45, if not more.

B.     Commonality: There are questions of law and fact that are common to the   Class

members and that predominate over individual questions, and therefore, the requirements of

Rule 23(b)(3) are met. The common questions of law and fact include the following:

  i.   Whether Defendants materially misrepresented, either through express or implied representations, that the muscle cut of beef in the Products originated exclusively from the United States;

  ii.  Whether Defendants misrepresented and/or failed to disclose material facts concerning the Products;

  iii. Whether Defendants' labeling, marketing, and sale of the Products as products of the United States constitutes unfair, deceptive, fraudulent, or unlawful conduct;

  iv.  Whether Defendants procured and has retained ill-gotten gains from members of the Class;

  v.   Whether Defendants' conduct injured domestic beef producers and, if so, the extent of the injury;

  vi.  Whether Plaintiff Lucero and the Class or New Mexico Sub-Class members are entitled to injunctive relief; and

  vii. The appropriate remedies for Defendants' conduct.

C.  Typicality: Plaintiff Lucero's claims are typical of the claims of the Class and New Mexico Sub-Class because Plaintiff Lucero suffered the same injury-i.e., Plaintiff Lucero was economically harmed by being unfairly able to compete in the market as a result of Defendants' misleading representations and omissions about the origination of those cattle for the Products.

D.  Adequacy: Plaintiff Lucero will fairly and adequately represent and protect the interests of the members of the Class and the New Mexico Sub-Class. Plaintiff Lucero does

not have any interests that are adverse to those of the Class members or New Mexico Sub-Class members. Plaintiff Lucero has retained competent counsel experienced in class action litigation and intends to prosecute this action vigorously.

E. <u>Superiority:</u> A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged.

52.     The prerequisites for maintaining a class action for injunctive or equitable relief under NMRA 1-023 are met because Defendants have acted or refused to act on grounds generally applicable to the Class and to the New Mexico Sub-Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the New Mexico Unfair Practices Act**
**(On Behalf of Plaintiff and the New Mexico Subclass)**

53.     Plaintiff Lucero repeats the allegations in all the foregoing paragraphs as if fully set forth herein.

54.     Plaintiff Lucero brings this claim on his own behalf and on behalf of the New Mexico Subclass.

55.     The Unfair Practices Act (N.M.S.A. §§ 57-12-1 *et seq.* ("UPA")) declares unlawful all

"[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce." N.M.S.A. § 57-12-1. The UPA is to be liberally construed to protect the public and encourage fair and honest competition.

56.     Defendants have acted unfairly and deceptively, in violation of the UPA, by misrepresenting to consumers that the muscle cuts of beef in the Products originates exclusively from American ranchers and farmers like Plaintiff Lucero and other similarly situated in order to capitalize on the reputation of those domestic producers. This representation was likely to mislead consumers acting reasonably under the circumstances and did mislead consumers acting reasonably under the circumstances.

57.     Having made these representations, Defendants have acted unfairly and deceptively, in violation of the UPA, by omitting information about the actual origination of the beef in the Products a great amount of which originates from imports of beef and imported foreign cattle. This omission was likely to mislead consumers acting reasonably under the circumstances, and did mislead consumers acting reasonably under the circumstances, so that Defendants could pay Plaintiff and the Class and sub-Class members less for their domestically originated cattle for beef.

58.     Defendants' representations and omissions were material to consumers. Defendants representations and omissions led consumers to believe that the Products were derived from American ranches and farms with a reputation of humane standards, food safety protections, and being environmentally responsible. Defendants' representations and omissions led consumers to purchase imported Products, to purchase more of those Products, and/or to pay a higher price for the Products than they otherwise would have, while at the same time paying domestic producers like Plaintiff Lucero 40% less on average per year for their cattle.

59.     Although it is not necessary for Plaintiff Lucero to prove that Defendants intended to act unfairly or deceptively, on information and belief, Defendants did so intend, and did knowingly capitalize on the reputation of domestic beef producers to make material representations and omissions to consumers in New Mexico and across the nation.

60.     Defendants acted with malice, ill will, or wanton conduct in deceiving New Mexico consumers about how their purchasing dollars are being spent, and whether they are supporting domestic producers, or unwittingly spending in support of foreign beef operations associated with environmental degradation. Defendants acted with malice, ill will, or wanton conduct in deceiving New Mexico consumers who wish to support environmentally responsible socially conscious New Mexico and USA-based businesses like that of Plaintiff Lucero and other domestic producers.

61.     Pursuant to NMSA § 57-12-10, a person who sustains injury or damages as a result of practices prohibited by UPA may sue for equitable relief and to recover damages or return of consideration. Plaintiff Lucero sustained injury and damages by receiving less for his cattle that he would have in fair competition that disclosed the actual origin of the beef the consumers bought.

62.     Plaintiff Lucero brings this claim for violation of the UPA on his own behalf, and on behalf of other New Mexico ranchers who were paid less for their cattle as a result of Products labeled as products of the United States being sold to consumers that were not genuinely products of the United States. Plaintiff Lucero is a "person" pursuant to NMSA § 57-12-2 that has been harmed by the unfair competition created by the unconscionable trade practices of Defendant.

63.     Plaintiff Lucero and members of the New Mexico Subclass are entitled to:

  a.  equitable relief;

  b.  actual damages or the sum of one hundred dollars ($100), whichever is greater;

     c.   exemplary damages up to three times actual damages or three hundred dollars ($300), whichever is greater; and

     d.   attorneys' fees and cost.

NMSA § 57-12-10.

**COUNT II**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

64.    Plaintiff Lucero repeats the allegations in all the foregoing paragraphs as if fully set forth herein.

65.    Plaintiff Lucero brings this claim on his own behalf and on behalf of the Class.

66.    As the intended, direct, and proximate result of Defendants' conduct, Defendants have been unjustly enriched through sales imported Products at the expense of Plaintiff Lucero and the Class members.

67.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from acting unfairly in competition with Plaintiff Lucero and the Class members by misleading consumers so that they could increase profits while diminishing the amounts paid to Plaintiff Lucero and the Class members for their cattle produced for beef.

**PRAYER FOR RELIEF**

Plaintiff Lucero, on his own behalf and on behalf of the Class and the New Mexico Subclass, prays for the following relief:

A.    An order certifying the Class and New Mexico Subclass under Rule 23 of the New Mexico Rules of Civil Procedure and naming Plaintiff Lucero as Class and New Mexico

24

Subclass Representative and his attorneys as Class Counsel;

B.      A declaration that Defendants are financially responsible for notifying Class and New Mexico Subclass members of the pendency of this suit;

C.      An order declaring that Defendants' conduct violates the New Mexico UPA;

D.      An order providing appropriate equitable relief in the form of an injunction against Defendants' unlawful and deceptive acts and practices, and requiring proper, complete, and accurate representation, packaging, and labeling of the Products;

E.      An order providing appropriate equitable relief in the form of an injunction against Defendants' unlawful and deceptive acts and practices, and requiring that Defendants remove and refrain from making representations on the Products' packaging that beef that is not born, raised and slaughtered in the US is exclusively a product of the US and requiring that any Products from cattle that are not born, raised and slaughtered in the US be labeled in a way to disclose the accurate and complete origination of the Product;

F.      Actual damages for members of the New Mexico Subclass pursuant to NMSA § 57-12-10;

G.      Exemplary damages of 3 times the actual damages for members of the New Mexico Subclass pursuant to NMSA § 57-12-10;

H.      Restitution for members of the Class to recover Defendants' ill-gotten benefits;

J.      An order finding in favor of Plaintiff Lucero and the Class and New Mexico Subclass on all counts asserted herein;

K.      Prejudgment interest on all amounts awarded;

L.      An order of restitution and all other forms of equitable monetary relief;

M.      Injunctive relief as the Court may deem appropriate; and

N.   An order awarding Plaintiff Lucero, the Class and New Mexico Subclass their attorneys' fees and expenses and costs of suit.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Jury Demand will be served upon Defendants via USPS as follows:

Tyson Foods, Inc.
c/o Registered Agent
206 S. Coronado Ave.
Espanola, NM 87532-2792

Cargill Meat Solutions Corp.
c/o Registered Agent
1108 E. South Union Ave.
Midvale, UT 84047

JBS USA Food Company
c/o Registered Agent
1900 W. Littleton Blvd.
Littleton, CO 82012

National Beef Packing Company, LLC
c/o Registered Agent
120 South Central Ave.
Clayton, MO 63015

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.

FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
1/17/2020 1:42 PM
AUDREY GARCIA
CLERK OF THE COURT
KB

**STATE OF NEW MEXICO**
**COUNTY OF SANDOVAL**
**THIRTEENTH JUDICIAL DISTRICT COURT**

**MICHAEL LUCERO,**
**on behalf of himself and others**
**similarly situated,**

      **Plaintiff,**

**v.**                    **Case No. D-1329-CV-2020-00044**

**TYSON FOODS, INC,**
**CARGILL MEAT SOLUTIONS, CORP.,**
**JBS USA FOOD COMPANY,**
**NATIONAL BEEF PACKING COMPANY, LLC**

      **Defendants.**

## JURY DEMAND

COMES NOW, Plaintiff Michael Lucero, by and through his attorneys of record,

Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq.) and pursuant

to NMRA 1-038, hereby demands trial of factual issues by a jury of Six (6) persons and deposits

herewith the sum of One Hundred Fifty Dollars ($150.00) with the Clerk of the Court as

required.

                    Respectfully Submitted,

                    Western Agriculture, Resource and
                    Business Advocates, LLP

                    */s/ A. Blair Dunn*
                    A. Blair Dunn, Esq.
                    400 Gold Ave. SW, Suite 1000
                    Albuquerque, NM 87102
                    (505) 750-3060

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Jury Demand will be served upon Defendants via USPS as follows:

Tyson Foods, Inc.
c/o Registered Agent
206 S. Coronado Ave.
Espanola, NM 87532-2792

Cargill Meat Solutions Corp.
c/o Registered Agent
1108 E. South Union Ave.
Midvale, UT 84047

JBS USA Food Company
c/o Registered Agent
1900 W. Littleton Blvd.
Littleton, CO 82012

National Beef Packing Company, LLC
c/o Registered Agent
120 South Central Ave.
Clayton, MO 63015

*/s/. A. Blair Dunn*
A. Blair Dunn, Esq.